**TYSON & MENDES LLP**
GRIFFITH H. HAYES
Nevada Bar No. 7374
TYRUS O. COBB
Nevada Bar No. 8031
Email(s):  ghayes@tysonmendes.com
            tcobb@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
*Attorneys for Defendant Walmart, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAMEAKA OATIES, an individual,<br><br>           Plaintiff,<br><br>vs.<br><br>WALMART, INC., a foreign Corporation;<br>DOES 1-20; and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>           Defendants. | Case No. 2:26-cv-00491-CDS-DJA<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this action, Defendant WALMART, INC. ("WALMART" or "Defendant") and Plaintiff RAMEAKA OATIES ("Plaintiff") (collectively, the "Parties"), by their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

1.     The Protective Order shall be entered pursuant to ***the Federal Rules of Civil Procedure.***

2.     The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a)     materials of Defendant and/or Defendant's organizational structure;

(b)     Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c)     Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

1

(d)    Any documents containing intellectual proprietary or property interests such as trade secrets;

(e)    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3.    In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by (1) identifying said documents as confidential in Defendant's FRCP 26(a) disclosures and any supplements made thereto; (2) placing the following legend on the face of the document and each page so designated "CONFIDENTIAL;" or (3) otherwise expressly identified as confidential via written correspondence. Defendant will use its best efforts to limit the number of documents designated Confidential.

4.    Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5.    Qualified recipients shall include only the following:

(a)    In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b)    Deposition notaries and staff;

(c)    Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d)    Deponents during the course of their depositions or potential witnesses of this case; and

(e)    The parties to this litigation, their officers and professional employees.

6.    Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the

2

terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, the producing party shall present a motion to the Court to determine the status. The information shall continue to have Confidential status during the pendency of any such motion. The party asserting the label of "Confidential" shall bear the burden of showing the same within said motion to show why said document is entitled to such protection.

7.      No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8.      Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within 14 days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to the receiving party identifying the document or information in question, the asserted privileges or protection, and the grounds there for, with a request that all copies of the document or information be returned or destroyed. The receiving party shall return or destroy the inadvertently disclosed documents, upon receipt of appropriately marked replacement documents.

3

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10. Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall destroy all Confidential Material, including all copies and reproductions thereof. Counsel for the receiving party shall be permitted to maintain these documents for purposes of any ethical obligations regarding client file retention.

11. Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

12. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

13. The parties acknowledge there is a presumption of public access to judicial files and records and that a party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

14. The parties acknowledge attorneys must file documents under seal using the Court's electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal must be accompanied with a concurrently-filed motion for leave to file those documents under seal. *See* Local Rule IA 10-5(a).

15. The parties submit the instant protective order to facilitate discovery exchanges. However, the parties acknowledge there has been no showing, and the Court has not found, that any specific documents are secret or confidential. The parties acknowledge that they have not yet provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm.

16. The parties acknowledge that all motions to seal shall address the standard

articulated in *Ctr. For Auto Safety* and explain why that standard has been met. 809 F.3d at 1097. Specifically, a party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as previously articulated in *Kamakana*. 447 F.3d 1172. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097.

There is an exception to the compelling reasons standard where a party may satisfy the less exacting "good cause" standard for sealed materials attached to a discovery motion unrelated to the merits of the case. *Id*. "The good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. (citing Fed.R.Civ.P. 26(c)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

The labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

17. The parties acknowledge the fact that entry of the instant stipulated protective order by the Court and designation of a document as confidential pursuant to this protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s)

and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

Dated this 24th day of March, 2026.

Dated this 24th day of March, 2026.

**TYSON & MENDES LLP**

**MORGAN & MORGAN**

/s/ *Griffith Hayes*

/s/ Gregory Kraemer

---

GRIFFITH H. HAYES
Nevada Bar No. 7374
TYRUS COBB
Nevada Bar No. 8031
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendant Walmart, Inc.*

GREGORY KRAEMER
Nevada Bar No. 010911
Via Austi Parkway, Suite 275
Las Vegas, Nevada 89119
*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

---

UNITED STATES MAGISTRATE JUDGE

DATED: 3/25/2026

6

**Stefania Rota Scalabrini**

| | |
|---|---|
| **From:** | Gregory Kraemer <gkraemer@forthepeople.com> |
| **Sent:** | Tuesday, March 24, 2026 12:16 PM |
| **To:** | Stefania Rota Scalabrini; Melissa Martinez; Tyrus Cobb; Griffith Hayes; Monica Hampton |
| **Cc:** | Samm Earnest |
| **Subject:** | RE: Oaties v. Walmart | Early Case Conference scheduling |

You have my permission to affix my e-signature to the 1) Proposed Discovery Plan, 2) Joint Status Report and 3) Protective Order.

Thanks for preparing.

## Gregory Kraemer
**Attorney**

**T:** (725) 765-3281
**F:** (689) 285-6860

6725 Via Austi Pkwy, Suite 275,
Las Vegas, NV 89119
Licensed in Nevada



$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

**From:** Stefania Rota Scalabrini <SRotascalabrini@TysonMendes.com>
**Sent:** Tuesday, March 24, 2026 10:32 AM
**To:** Melissa Martinez <melissamartinez@forthepeople.com>; Tyrus Cobb <tcobb@TysonMendes.com>; Griffith Hayes <ghayes@TysonMendes.com>; Monica Hampton <mhampton@TysonMendes.com>
**Cc:** Samm Earnest <searnest@forthepeople.com>; Gregory Kraemer <gkraemer@forthepeople.com>
**Subject:** RE: Oaties v. Walmart | Early Case Conference scheduling

Good morning Melissa,

Please see attached Joint Status Report and Proposed Discovery Plan for review. If no revisions are necessary, please let us know if we may affix Mr. Kraemer's signature.

We are also attaching a proposed Stipulated Protective Order to facilitate the disclosure of Confidential material. We are happy to meet and confer regarding any revisions.

Thank you.

1



Stefania Rota Scalabrini
**Paralegal**
2835 St. Rose Pkwy., Suite 140
Henderson, Nevada 89052
**Main**: 702.724.2648
**Direct**: 725.605.4276
**Fax**: 702.410.7684
srotascalabrini@tysonmendes.com
www.tysonmendes.com

*This email and any attachments are from the law firm of Tyson & Mendes, LLP.  This email is intended only for the use of the addressee and may contain information that is proprietary, confidential, privileged, or protected by state or federal law.  If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this email and attachments are prohibited.  If you received this email in error, please notify us by reply email immediately so we may arrange for the retrieval of the information.*

**From:** Melissa Martinez <melissamartinez@forthepeople.com>
**Sent:** Tuesday, March 24, 2026 8:56 AM
**To:** Tyrus Cobb <tcobb@tysonmendes.com>; Stefania Rota Scalabrini <SRotascalabrini@TysonMendes.com>; Griffith Hayes <ghayes@TysonMendes.com>; Monica Hampton <mhampton@TysonMendes.com>
**Cc:** Samm Earnest <searnest@forthepeople.com>; Gregory Kraemer <gkraemer@forthepeople.com>
**Subject:** RE: Oaties v. Walmart | Early Case Conference scheduling

Good morning, Mr. Cobb,

I wanted to follow up on the status of the Joint Status Report, I believe its due today. Please advise, thank you!

**Melissa Martinez**
**Litigation Paralegal**

**T:** (725) 765-3182
**F:** (689) 256-2223

6725 Via Austi Pkwy, Suite 275,
Las Vegas, NV 89119



$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

**From:** Melissa Martinez <melissamartinez@forthepeople.com>
**Sent:** Thursday, March 12, 2026 2:29 PM
**To:** Tyrus Cobb <tcobb@tysonmendes.com>; Stefania Rota Scalabrini <SRotascalabrini@TysonMendes.com>; Griffith Hayes <ghayes@TysonMendes.com>; Monica Hampton <mhampton@TysonMendes.com>
**Cc:** Samm Earnest <searnest@forthepeople.com>; Gregory Kraemer <gkraemer@forthepeople.com>
**Subject:** RE: Oaties v. Walmart | Early Case Conference scheduling

Good afternoon,

Please see the attached notice.

## Melissa Martinez
**Litigation Paralegal**

**T:** (725) 765-3182
**F:** (689) 256-2223

6725 Via Austi Pkwy, Suite 275,
Las Vegas, NV 89119



$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

---

**From:** Melissa Martinez <melissamartinez@forthepeople.com>
**Sent:** Thursday, March 12, 2026 12:50 PM
**To:** Tyrus Cobb <tcobb@tysonmendes.com>; Stefania Rota Scalabrini <SRotascalabrini@TysonMendes.com>; Griffith Hayes <ghayes@TysonMendes.com>; Monica Hampton <mhampton@TysonMendes.com>
**Cc:** Samm Earnest <searnest@forthepeople.com>
**Subject:** RE: Oaties v. Walmart | Early Case Conference scheduling

Amazing! Thank you!

## Melissa Martinez
**Litigation Paralegal**

**T:** (725) 765-3182
**F:** (689) 256-2223

6725 Via Austi Pkwy, Suite 275,
Las Vegas, NV 89119



$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

---

**From:** Tyrus Cobb <tcobb@tysonmendes.com>
**Sent:** Thursday, March 12, 2026 10:46 AM
**To:** Melissa Martinez <melissamartinez@forthepeople.com>; Stefania Rota Scalabrini <SRotascalabrini@TysonMendes.com>; Griffith Hayes <ghayes@TysonMendes.com>; Monica Hampton <mhampton@TysonMendes.com>
**Cc:** Samm Earnest <searnest@forthepeople.com>
**Subject:** RE: Oaties v. Walmart | Early Case Conference scheduling

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

I can be available at 3PM today.

Tyrus Cobb
**Senior Counsel**
Nevada Bar 8031
California Bar 252134
Tyson & Mendes Las Vegas Office
Phone: 702.605.3575

---

**From:** Melissa Martinez <melissamartinez@forthepeople.com>
**Sent:** Thursday, March 12, 2026 10:24 AM
**To:** Stefania Rota Scalabrini <srotascalabrini@tysonmendes.com>; Kellene Fletcher <kfletcher@tysonmendes.com>; Tyrus Cobb <tcobb@tysonmendes.com>; Griffith Hayes <ghayes@tysonmendes.com>
**Cc:** Samm Earnest <searnest@forthepeople.com>
**Subject:** Oaties v. Walmart | Early Case Conference scheduling

Good morning,

We would like to schedule the 26F conference and have the following dates available:

Thursday, March 12 – 3:00 pm
Friday,  March 13 – before 2:00 pm

Greg will be out of the office and unavailable all of next week so if we can please squeeze this phone call in today or tomorrow, I would really appreciate it. Thank you!

**Melissa Martinez**
**Litigation Paralegal**

**T:** (725) 765-3182
**F:** (689) 256-2223

6725 Via Austi Pkwy, Suite 275,
Las Vegas, NV 89119



$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.